**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TSYS Acquiring Solutions, LLC, | No. CV 09-0155-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Electronic Payment Systems, LLC, | |
| Defendant. | |

Pending before the Court are Defendant Electronic Payment Systems, LLC's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 35); Defendant's Motion to Amend Judgment (Doc. # 39); Plaintiff TSYS Acquiring Solution, LLC's Combined Motion to Amend or Vacate Judgment Under Rules 59(e) and 60(b) and Motion for Leave to File a Supplemental Pleading Under Rule 15(d) (Doc. # 40); Defendant's Amended Motion to Amend Judgment (Doc. # 44); and Plaintiff's Motion to Strike Document Numbers 42 and 44 (Doc. # 46). The Court now rules on the motions.

**I.     Background**

On October 22, 2009, the Court entered summary judgment in favor of Defendant.[1] That same day, the Clerk of the Court entered judgment according to this Court's direction. Concerned that the judgment entered did not contain any reference to the arbitration award,

---

[1] For a recitation of the pertinent facts, see Doc. # 33.

1  nor specific language pertaining to the dollar amounts contained in the arbitration award,
2  Defendant sought to amend the judgment entered. Defendant also applied for a writ of
3  garnishment, which was denied due to a lack of specificity in the judgment.

## II.     Defendant's Motion for Attorneys' Fees

Defendant moves for its attorneys' fees and related non-taxable expenses incurred in connection with the vacatur proceedings in this Court. In response, Plaintiff argues that the parties agreement does not provide a basis for Defendant to recover attorneys fees. The Court disagrees.[2]

Section 7.1 of the parties' agreement contains the following provision:

> [TSYS] Indemnification. [TSYS] shall be liable to and shall indemnify and hold EPS from and against any and all loss, liability, cost, damage and expense, including litigation expenses and reasonable attorneys' fees and allocated costs for in-house legal services, to which EPS may be subjected or which it may incur in connection with any claims which arise from or out of or as a result of the negligen[t] acts or omissions of [TSYS], its officers, employees, agents and affiliates in the performance of their duties and obligations under this Agreement.

(Doc. # 1-1, p. 22, at ¶ 7.1.) Plaintiff argues that this provision is simply a promise to indemnify Defendant from any third-party claims against Defendant. However, the plain language of Section 7.1 is not so limiting. Section 7.1 states that Plaintiff shall be liable to Defendant for *all* litigation expenses and attorneys' fees Defendant incurs as a result of the negligent acts of Plaintiff, and not just those of third-party claims. *See* BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "indemnify" as: "To reimburse (another) for a loss suffered because of a third party's or one's own act or default."). The arbitrator specifically found that Plaintiff was negligent in mapping over the information referred to as billing element tables ("BET"). *See* Doc. # 42-1, pp. 34-35 ("Furthermore, the Arbitrator notes that interpreting Section 7.6 to excuse TSYS's negligence in transferring the BETs would be

---

[2] The Court denies Defendant's other two asserted basis for attorneys' fees, as the Court does not believe Plaintiff's action has been frivolous, without merit, brought for an improper purpose, or for any other basis subjecting it to 28 U.S.C. § 1927 or Rule 11 sanctions.

- 2 -

directly contrary to the indemnification provisions of Section 7.1 which expressly make TSYS liable to EPS for any negligent acts or omissions by TSYS. . . . TSYS cannot be heard to complain about their own failure to act. . . . Accordingly, the Arbitrator finds that TSYS breached its agreement to accurately map over the BET's and that such beach proximately caused EPS damages between April 2006 and June 2007 in the amount of $2,671,463.57, for which EPS is entitled to be compensated."). Because the only aspect of the award Plaintiff sought vacatur of in this Court was the BET breach of contract claim, and because the arbitrator found that the BET claim arose because of Plaintiff's negligent acts and omissions, per Section 7.1 of the parties' agreement, Defendant is entitled to its attorneys' fees. The Court will next consider the reasonableness of Defendant's claimed attorneys' fees.

Defendants attached to its memorandum in support of attorneys' fees detailed billing summaries as well as affidavits in support of its request for attorneys' fees. Defendants' attorney, Mr. Krob, charges $225 per hour, while Defendant's local counsel, Mr. McCoy, charges $195 per hour. Mr. Krob has practiced law for nearly thirty years, and has experience as a former judge. Mr. McCoy has more than eight years experience as an attorney. Plaintiffs do not object to the hourly rates charged by Mr. Krob and Mr. McCoy. These rates are similar, if not below, those charged by other Phoenix attorneys with the same amount of experience. Therefore, the Court finds that the hourly rates charged by Defendants' attorneys are reasonable.

Plaintiff argues that Defendant's time records to not comply with LRCiv 54.2. Specifically, Plaintiff asserts that certain of Defendant's attorneys' time entries are unreasonable and excessive in nature, as they bill for more than twenty-four hours in a single day. Moreover, Plaintiff argues, Defendant fails to identify the person performing the service. In reply, Defendant identifies each person by name; and, with respect to the greater than twenty-four hours issue, Defendant states that its billing program enters the entire month's billing for law clerks on the last day of the month. Hence, the possibility of a greater than twenty-four hour entry. The Court finds Defendant's proffered explanations reasonable. Additionally, Defendant addressed each of Plaintiff's objections to Defendant's

itemized billing statement. The Court has reviewed Defendant's responses to Plaintiff's objections, and finds that Defendant has satisfied LRCiv. 54.2.

Plaintiff also argues that under LRCiv. 54.2, travel time cannot be charged, and yet Defendant includes an entry for a March 30, 2009, travel. In reply, Defendant omits this charge from its request for attorneys' fees.

Plaintiff next argues that Defendant failed to provide a fee agreement for Mr. Krob, and the retention agreement for Mr. McCoy. In reply, Defendant avers that there is no written agreement between itself and Mr. Krob. Defendant does, however, attach as an exhibit a declaration explaining his hourly rates, as well as those of his employees. Defendant also included a copy of the retention agreement between Defendant and Mr. McCoy. The Court finds that Defendant has complied with LRCiv. 54.2 and has provided the Court with sufficient documentation concerning its fee agreements.

The Court has reviewed the factors contained in LRCiv. 54.2(c)(3) concerning the reasonableness of Defendant's requested award. In particular, the court finds LRCiv. 54.2(c)(3)(A),(B),(C),(E),(H),(I), and (K) supportive of Defendant's requested award. Additionally, the Court has considered the number of hours reasonably expended by Mr. Krob and Mr. McCoy, and the propriety of the hourly rate requested by each; whether Mr. Krob and Mr. McCoy have made a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary; and the level of success obtained through Mr. Krob's and Mr. McCoy's efforts. The Court finds that Defendant's requested award of $139,920 to be reasonable and supported by the above factors.[3]

**III.  Defendant's Motions to Amend Judgment and Plaintiff's Motion to Strike**

*A.  Defendant's Motion to Amend at Doc. # 39*

On October 22, 2009, the Court entered an Order resolving the cross-motions for summary judgment in favor of Defendant. That same day, the Clerk of the Court entered the

---

[3] Defendant intimates that it will move for attorneys fees incurred in pursuing its attorneys' fees motion. Defendant shall file a new motion in compliance with the local rules requesting such attorneys' fees.

- 4 -

following judgment: "IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed October 22, 2009, granting Defendant's Motion for Summary Judgment, judgment is entered in favor of defendant and against plaintiff. Plaintiff to take nothing, and complaint and action are dismissed." (Doc. # 34.) The Court affirmed the arbitration award in full, yet nevertheless the Court did not mention a specific dollar figure in directing the Clerk of the Court to enter judgment, nor did the Court direct the Clerk of the Court to specifically identify the arbitration award in the judgment.

On November 5, 2009, Defendant moved pursuant to Rule 59(e) to have the judgment amended so as to provide clarity to the parties. Plaintiff did not substantively oppose the need to amend the judgment.[4] The Court agrees that, for the purpose of providing clarity, the October 22, 2009, judgment should be amended. As such, the Court has included the proper language at the end of this Order.[5]

B.     *Plaintiff's Motion to Strike*

On November 12, 2009, at Doc. # 42, Defendant filed an amendment to its proposed form of judgment. After an administrative notice concerning the deficiency of Defendant's filing at Doc. # 42, Defendant filed at Doc. # 44 the same amended proposed form of judgment, only in the form of an amended motion to amend the judgment. Plaintiff now seeks to strike the documents contained at Doc. #'s 42 and 44 pursuant to LRCiv. 7.2(m)(1)

---

[4] Plaintiff states that it does not oppose Defendant's request to amend the judgment at Doc. # 39 *if* the Court grants Plaintiff's requested relief at Doc. # 40. The Court does not condone Plaintiff's puerile notion that it is acceptable to agree to relief that is needed for purposes of clarity only if Plaintiff obtains its unrelated, requested relief. Either Defendant's requested relief at Doc. # 39 has a valid legal basis or it does not; Plaintiff proposes no substantive basis for opposing Defendant's requested relief at Doc. # 39. As such, it is unclear why Plaintiff would suddenly oppose Defendant's motion at Doc. # 39 should the Court deny Plaintiff's requested relief at Doc. # 40. Plaintiff's counsel is reminded of that wisdom of old: "Simply let your 'Yes' be 'Yes,' and your 'No,' 'No.'"

[5] The Court expressly notes that the amended judgment works no substantive changes to the Court's October 22, 2009, Order. Rather, the judgment is amended only for the purpose of more clearly expressing the intentions of the Court in its October 22 Order; namely, to fully affirm the arbitrator's award, including the monetary award.

on the basis that Defendant was not authorized under any statute, rule, or court order to file these documents.

LRCiv. 7.2(m)(1) provides that "a motion to strike may be filed . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Defendant filed its initial Rule 59(e) motion on November 5, 2009, within the 10 day time limit for the filing of such motions. Defendant filed the documents contained at Doc. # 42 on November 12, 2009, and the documents contained at Doc. # 44 on November 18, 2009. The Court is not aware of a provision in the Federal Rules of Civil Procedure permitting the filing of an amended Rule 59(e) motion, nor does Defendant so suggest. Likewise, the Court is not aware of a basis that would permit Defendant the ability to amend its Rule 59(e) motion after the 10 day time limit has passed. *See Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993) (stating that district courts are without power to extend the time for filing a Rule 59(e) motion). Accordingly, the Court must conclude that Defendant's filings at Doc. # 42 and 44 are untimely and, as such, the Court strikes the documents contained at Doc. # 42 and 44.

C.     *Pre-Judgment Interest*

In Defendant's original motion to amend the judgment at Doc. # 39, Defendant made no reference to a request for interest in either its motion or in its proposed form of judgment. In Defendant's amended proposed form of judgment contained at Doc. #'s 42 and 44, Defendant has a section devoted to interest. Because the Court has already stricken Doc. #'s 42 and 44, and because Defendant did not include a request for interest in its original motion to amend the judgment at Doc. # 39, the Court finds that these deficiencies are fatal for Defendant's request for pre-judgment interest.

Interest that accumulates from the time an arbitration award is issued until the time a judgment from the district court affirming the arbitration award is entered is considered pre-judgment interest. *See Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155-56 (9th Cir. 1988) (distinguishing in arbitration context between pre-judgment interest and post-judgment interest, and holding that "the effective date of judgment for the purpose of

calculating interest is the date of the district court's order"). A request for pre-judgment interest must be raised in a Rule 59(e) motion. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76, 176 n. 3 (1989); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1130-34 (9th Cir. 2004) (applying the rule pronounced in *Osterneck* concerning Rule 59(e) and a post-judgment motion for pre-judgment interest). In this case, Defendant did not include a request for, much less a reference to, pre-judgment interest in its Rule 59(e) motion at Doc. # 39. As such, the Court is precluded from awarding pre-judgment interest on the arbitration award.

D.     *Post-Judgment Interest*

Defendant argues that "[t]here is no need to distinguish between post-arbitration, pre-confirmation interest and post-confirmation interest," as the Arizona statutory rate, and not the federal statutory rate, applies even in the context of post-judgment interest. (Doc. # 54 at p. 5.) Ninth Circuit case law requires otherwise.

In *Northrop*, the Ninth Circuit, in a case involving the confirmation of an arbitration award, held that while pre-judgment interest is to be calculated according to the applicable state-law rate, post-judgment interest is to be calculated according to federal law. 842 F.2d at 1155-56. Specifically, post-judgment interest is calculated according to the method mandated by Congress in 28 U.S.C. § 1961. As such, the Court will award post-judgment interest according to Section 1961, and not the Arizona statutory rate.[6]

**IV.    Plaintiff's Rule 59(e), 60(b), and 15(d) Motions**

Plaintiff seeks leave to supplement its complaint under Rule 15(d) either pursuant to a Rule 59(e) motion or a Rule 60(b) motion. The basis for Plaintiff's motions is item five in the arbitrator's award: "The Arbitrator orders TSYS to provide EPS with immediate and continuous ownership, control, and access to the toll free 1-800 number that connects EPS' merchants to a processor." (Doc. # 1-2 at p. 40.) Plaintiff asserts that the parties have

---

[6] Plaintiff repeatedly asserts in its reply that the post-judgment interest rate issue is moot because there is no money judgment in this case. The Court disagrees. While there is not a specific dollar figure in the Clerk of the Court's judgment, nor in the Court's October 22 Order, the Court fully affirmed the arbitrator's decision, including the monetary award.

- 7 -

fundamentally different interpretations of the 1-800 number issue. Plaintiff believes it can fulfill its obligation under the award by providing Defendant with a new 1-800 number. Defendant disagrees, stating that the award requires Plaintiff to give Defendant control over the 1-800 numbers that Defendant's clients are currently using.

Plaintiff concedes in its motion that once a judgment has been entered, the filing of an amended complaint or a supplemental complaint is not permitted unless the judgment is set aside or vacated under Rules 59 or 60. Hence, the Court will first consider the propriety of granting Rule 59 or 60 relief.

A.  *Rule 59(e)*

District courts have considerable discretion when considering a motion to amend a judgment under Rule 59(e). There are four basis upon which this Court can grant a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (italics and quotations omitted). Plaintiff asserts that it is entitled to Rule 59(e) relief because of newly discovered evidence, and because such relief is necessary to prevent manifest injustice.

1.  NEWLY DISCOVERED EVIDENCE

Plaintiff asserts that the newly discovered evidence–namely, the disagreement between the parties concerning the meaning of the award of the 1-800 number–did not come to light until October 2009. The Court disagrees. The arbitrator issued his award in January 2009. It is clear from the face of the award what the arbitrator ordered: that Plaintiff turn over control of the numbers that connect Defendant's customers to a processor. Plaintiff focuses on the word *the*, but misses the thrust of the arbitrator's finding and conclusion; namely, that Defendant is to be awarded control over its merchants in the event Defendant decides not to retain Plaintiff's services. It was not the goal of the arbitrator, as mentioned throughout his award, to award Defendant a single telephone number; rather, Defendant was

seeking ownership and control of the numbers its merchants use. Defendant articulated this same understanding as early as February 2009 in a letter from Mr. Maley.

Plaintiff may disagree with the award issued by the arbitrator, but attaching a new interpretation to the award hardly constitutes new evidence within the meaning of a Rule 59(e) motion. At most, the parties have discovered a new disagreement, but not new evidence within the meaning of a Rule 59(e) motion. Moreover, the Court fails to see why this issue was not raised with Plaintiff's original filing in January 2009; or at the very least, upon receiving Defendant's February 2009 letter. The Court finds that Plaintiff failed to present newly discovered or previously unavailable evidence such that Rule 59(e) relief is appropriate.

2. MANIFEST INJUSTICE

Plaintiff argues that not granting it leave to file a supplemental complaint would work a manifest injustice, as the three numbers that Defendant's merchants use to connect to a processor are also used by other merchants besides Defendant's customers. Hence, Plaintiff asserts, by turning control of these three numbers over to Defendant, Plaintiff would incur substantial costs, be subjected to potential breach of contract claims, and the risk of potential security threats would arise. Again, it is not clear why these arguments and evidence in support were not raised both before the arbitrator and in Plaintiff's initial complaint to this Court. In essence, Plaintiff asks the Court to reconsider and re-weigh–should the Court allow a Rule 15 amendment–the consequences of the arbitrator's award concerning the 1-800 number issue. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127-28 (2d ed.1995)). Even if Plaintiff is subjected to substantial costs, breach of contract claims, and potential security threats as it asserts, such results are the natural consequences of the arbitrator's award. In the arbitration context, the Court cannot grant the type of relief Plaintiff is ultimately seeking merely because the award will work a hardship

for Plaintiff. Plaintiff's complaints resulting from the arbitration award do not constitute manifest injustice within the meaning of Rule 59(e).[7]

Because Plaintiff has failed to show manifest injustice or present newly discovered evidence, Plaintiff's request for Rule 59(e) relief is denied.

*B.     Rule 60(b)*

Plaintiff also seeks relief under Rule 60(b)(6). Rule 60(b)(6) provides that relief from a final judgment may be granted for any reason "that justifies relief" other than those listed under Rule 60(b)(1)-(5). Rule 60(b)(6) is thus a catch-all provision that "has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). To prevail under Rule 60(b)(6), the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

As discussed earlier, Plaintiff has failed to demonstrate why the 1-800 issue was not raised either before the arbitrator or in Plaintiff's initial filing in this Court. Both the testimony before the arbitrator and the award itself make clear that the 1-800 issue was fully litigated at the time of arbitration. Plaintiff has failed to demonstrate that its injuries are beyond its control such that it was precluded from raising these issues prior to the present motion. Moreover, as discussed earlier, the Court does not believe that manifest injustice will result should the Court not permit Plaintiff the ability to supplement its complaint. The Court denies Plaintiff's requested Rule 60(b)(6) relief.

---

[7] At oral argument, the prospect of Plaintiff filing a new and separate declaratory judgment action concerning the 1-800 issue was raised. The Court makes no comment concerning the propriety of such a course of action.

- 10 -

Therefore, because the Court has denied Plaintiff's request to amend the judgment under either Rule 59(e) or 60(b)(6), the Court denies Plaintiff's request to supplement its complaint.

**V.     Conclusion**

The Court grants Defendant's request for an award of attorneys fees in the amount of $139,920. The Court also grants Defendant's motion at Doc. # 39 to amend the judgment. The Court grants Plaintiff's motion to strike Doc. #'s 42 and 44 on the ground that they are untimely. The Court further denies Defendant's request for pre-judgment interest. Finally, the Court denies Plaintiff's request to amend the judgment and file a supplemental pleading.

Accordingly,

**IT IS ORDERED** that Defendant Electronic Payment Systems, LLC's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 35) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend Judgment (Doc. # 39) is granted to the extent discussed above.

**IT IS FURTHER ORDERED** that Plaintiff TSYS Acquiring Solution, LLC's Combined Motion to Amend or Vacate Judgment Under Rules 59(e) and 60(b) and Motion for Leave to File a Supplemental Pleading Under Rule 15(d) (Doc. # 40) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment (Doc. # 42) and Defendant's Amended Motion to Amend Judgment (Doc. # 44) are both stricken.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Document Numbers 42 and 44 (Doc. # 46) is granted to the extent it is premised upon untimeliness.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter an amended final judgment as follows:

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order filed October 22, 2009 (Doc. # 33), granting Defendant's Motion for Summary Judgment, judgment is entered in favor of Defendant and against Plaintiff. The Arbitrator's Findings, Conclusions and Award dated January 20, 2009, in American Arbitration Association Case No. 76-Y-000038-07, is hereby confirmed, awarding the following amounts and relief to

Defendant Electronic Payment Systems, LLC, and against Plaintiff TSYS Acquiring Solutions, LLC:

1. Refunds of amounts over-billed by TSYS and paid by EPS
   a. Transaction fees
      $24,465.16
   b. Help Desk Services
      $32,436.20
   c. Monthly Merchant Statement file fees
      $42,884.75
      $32,062.91
      $4,767.00
2. Reimbursement of fines and charges paid by EPS
   a. VMPD
      $131,875.00
   b. Papa Gyros Interchange
      $17,607.74
3. $2,671,463.57 for damages to EPS for its counter-claims in connection with the Billing Element Tables.
4. TSYS shall handle all future calls from EPS merchants as specified in the arbitrator's award and TSYS shall modify the charges on all invoices as reflected in the arbitrator's award.
5. TSYS shall provide EPS with immediate and continuous ownership, control, and access to the toll free 1-800 number that connects EPS' merchants to a processor.
6. $27, 241.49, representing the costs incurred by EPS in connection with the arbitration.
7. The administrative fees and expenses of the American Arbitration Association totaling $16,750.00 shall be borne entirely by TSYS. Therefore, TSYS shall reimburse EPS the additional sum of Thirty Eight Thousand Six Hundred Fifty Dollars and No Cents ($38,650.00) representing that portion of said fees and expenses

|   |   |   |
|---|---|---|
| 1 |   | in excess of the apportioned costs previously incurred by EPS, upon demonstration |
| 2 |   | that these incurred costs have been paid. |
| 3 | 8. | The arbitrator found that TSYS failed to establish that it is entitled to be paid the fees |
| 4 |   | billed for the XML Statement file in the amount of $2,250 per month. From April |
| 5 |   | 2006 through June 2008, such charges amount to $60,750. Consistent with the |
| 6 |   | arbitrator's ruling, TSYS shall not charge EPS for the XML Statement file from June |
| 7 |   | 2006 forward. |
| 8 | 9. | Based on the calculations set forth on Exhibit R-31 before the arbitrator, the arbitrator |
| 9 |   | found and concluded that TSYS over-billed EPS for the CDs between December 2006 |
| 10 |   | and June 2008 in the amount of $30,595.10 and sustained EPS' dispute in that same |
| 11 |   | amount. |

**PRINCIPAL AMOUNT AWARDED**: $3,114,798.92

**Attorneys fees:** $139,920.

**TOTAL AMOUNT AWARDED THROUGH DATE OF JUDGMENT, OCTOBER 22, 2009:** $3,254,718.92

**Interest**: post-judgment interest shall accrue at the applicable federal rate.

Plaintiff to take nothing, and complaint and action are dismissed.

DATED this 4th day of May, 2010.

_____
James A. Teilborg
United States District Judge