**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TSYS Acquiring Solutions, LLC, | ) | No. CV 09-0155-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Electronic Payment Systems, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pending before the Court is Defendant Electronic Payment Systems, LLC's Motion for Prejudgment Interest (Doc. 65). For the reasons that follow, the Court denies Defendant's motion.

Defendant seeks to amend the May 4, 2010, judgment to include an award of pre-judgment interest. Citing to case law from the Seventh and Eleventh Circuits, Defendant argues that when an amended judgment works substantial clarifications and changes from the initial judgment, the amended judgment is essentially a new judgment for purposes of post-judgment motions under Federal Rules of Civil Procedure 59(e). Defendant fails to cite any relevant Ninth Circuit law supporting Defendant's urged principal of law. In any event, the May 4, 2010, judgment did not substantively alter the initial October 22, 2009, judgment such that the May 4 judgment can be considered a new judgment for Rule 59(e) purposes.

In the Court's May 4, 2010, Order that prompted the May 4 judgment, the Court agreed that some clarification of the October 22 judgment was necessary, but the Court

reiterated that it was simply affirming the arbitration award, and the May 4 Order did not work a substantive change of the October 22 judgment:

> On November 5, 2009, Defendant moved pursuant to Rule 59(e) to have the judgment amended so as to provide clarity to the parties. Plaintiff did not substantively oppose the need to amend the judgment. The Court agrees that, for the purpose of providing clarity, the October 22, 2009, judgment should be amended. As such, the Court has included the proper language at the end of this Order.

(Doc. 59 at p. 5.) (footnotes omitted) Indeed, the Court further expounded upon this point in a footnote immediately following the above quoted paragraph:

> The Court expressly notes that the amended judgment works no substantive changes to the Court's October 22, 2009, Order. Rather, the judgment is amended only for the purpose of more clearly expressing the intentions of the Court in its October 22 Order; namely, to fully affirm the arbitrator's award, including the monetary award.

(*Id.*) The Court has already addressed this point, and it need not revisit this issue. Both the October 22 and May 4 judgments were intended to affirm the arbitration award in full. The mere fact that the May 4 judgment contains additional paragraphs, sentences, words, and numbers does not mean there was any substantive alteration from the October 22 judgment.

Accordingly,

**IT IS ORDERED** that Defendant Electronic Payment Systems, LLC's Motion for Prejudgment Interest (Doc. 65) is denied.

DATED this 2nd day of August, 2010.

_____
James A. Teilborg
United States District Judge