1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9  TSYS Acquiring Solutions, LLC,        )    No. CV-09-00155-PHX-JAT
                                          )
10              Plaintiff,                )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Electronic Payment Systems, LLC,      )
13                                        )
                Defendant.                )
14                                        )
    _____)
15

16

17          Pending before the Court are the following motions: (1) Defendant Electronic

18  Payment Systems, LLC's Motion to Compel Plaintiff's Compliance with Court's Judgment

19  and/or for Finding of Contempt and Imposition of Sanctions (Doc. # 63); (2) Plaintiff TSYS

20  Acquiring Solutions, LLC's Motion to Stay Proceedings to Enforce Judgment (Doc. # 84);

21  and (3) Defendant Electronic Payment Systems, LLC's Supplemental Motion to Compel

22  (Doc. # 85).  The Court conducted a hearing on January 25, 2011, and now rules on the

23  motions.

24          On January 20, 2009, an arbitrator ordered TSYS Acquiring Solutions ("TSYS") to

25  provide Electronic Payment Systems ("EPS") with immediate and continuous ownership,

26  control, and access to the toll-free 1-800 number that connects EPS's merchants to a

27  processor.  (Doc. # 1-2, Ex. B at p. 39.)  Over two years later, TSYS continues to strenuously

28  refuse to comply with that order, despite numerous rulings and orders in favor of EPS.  Yet

1   again, TSYS raises vexing issues concerning compliance with the arbitrator's award.

2   However, none of these issues are properly before the Court, which has been called upon to

3   enforce the arbitrator's award.  On the eve of the hearing, TSYS filed yet another document

4   with the Court seeking to avoid compliance with the arbitrator's award.  Even though the

5   Court informed the parties that TSYS's Supplement to Its Motion to Stay Proceedings to

6   Enforce Judgment (Doc. # 98), filed January 24, 2011, would not be considered by the Court

7   during the January 25, 2011 hearing, TSYS disregarded the Court and repeatedly referred to

8   the supplement during oral argument.  The Court will not consider references to the

9   supplement, and hereby strikes the unauthorized supplement from the record.

10  **I.      PROCEDURAL AND FACTUAL BACKGROUND**

11          TSYS and EPS are involved in the credit/debit card industry.  The parties entered into

12  an agreement in August 2005, which provided that EPS would use the processing services

13  of TSYS.  The parties' agreement contained an arbitration clause requiring the arbitration of

14  disputes arising out of the agreement.  As part of the agreement, TSYS agreed to install an

15  exclusive 1-800 number on the point-of-sale terminals of EPS's merchant customers.  EPS

16  sought the exclusive number because it would permit EPS to move its merchant portfolio to

17  another payment processing vendor if problems arose with TSYS.  TSYS did not provide

18  EPS with an exclusive 1-800 number, but rather "boarded" EPS merchants on seven 1-800

19  numbers also used by hundreds of thousands of non-EPS merchants.

20          In February 2007, TSYS initiated arbitration to resolve the parties' various disputes.

21  TSYS asserted that it was entitled to be paid all of the disputed billing amounts held by EPS.

22  EPS asserted various counterclaims, and sought to recover the exclusive 1-800 number TSYS

23  promised to provide to EPS.  In September 2008, an arbitration hearing was held at the

24  offices of the American Arbitration Association.  The arbitrator ruled that EPS did not have

25  to pay the amounts it disputed, and ruled in favor of EPS on each of EPS's counterclaims.

26  The arbitrator awarded EPS damages in excess of $2,991,000.00, and ordered "TSYS to

27  provide EPS with immediate and continuous ownership, control, and access to the toll-free

28  1-800 number that connects EPS'[s] merchants to a processor."  (Doc. # 1-2, Ex. B at pp.

1    38–39.)

2        On January 26, 2009, TSYS filed the present action ("*TSYS I*"), seeking to vacate the

3    arbitration award *in toto*.  On October 22, 2009, the Court entered summary judgment in

4    favor of EPS (Doc. # 33), and on May 4, 2010, the Court confirmed the arbitrator's award,

5    and awarded EPS attorneys' fees and costs.  (Doc. # 59.)  The Clerk of the Court entered the

6    Amended Judgment in accordance with the Court's Order.  (Doc. # 60.)  The arbitrator's

7    award and the Amended Judgment are hereinafter referred to as the "Arbitrator's Award."

8    Shortly thereafter, TSYS satisfied the monetary portion of the Arbitrator's Award, and a

9    Partial Satisfaction of Amended Judgment was filed by EPS.  (Doc. # 61.)

10        Immediately after EPS moved for confirmation of the Arbitrator's Award, TSYS

11   sought leave from the Court to file a supplemental or amended complaint to focus on the 1-

12   800 portion of the Arbitrator's Award.  (Doc. # 40.)  TSYS argued that the parties disagreed

13   about the meaning of this portion of the Arbitrator's Award.  TSYS stated that there were

14   several 1-800 numbers that had been assigned to EPS merchants, that other TSYS clients had

15   also been assigned to these numbers, and that by turning over control of these 1-800

16   numbers, TSYS would incur substantial costs, be subjected to potential breach of contract

17   claims from other clients, and risk data security breaches.  The Court denied TSYS's motion

18   to inject new arguments into this action, because the arguments did not constitute newly

19   discovered evidence, and could have been raised before the arbitrator or earlier in this action.

20   (Doc. # 59 at pp. 7–11.)  The Court found that requiring TSYS to surrender the 1-800

21   numbers to EPS, as the arbitrator awarded, would not be manifestly unjust.  (*Id.* at p. 10.)

22        Ten days after the Court issued the Amended Judgment, TSYS filed an action before

23   Judge David G. Campbell to enjoin the enforcement of the Arbitrator's Award.  *See TSYS*

24   *Acquiring Solutions, LLC v. Electronic Payment Systems, LLC* ("*TSYS II*"), No. CV-10-

25   01060-PHX-DGC.  EPS filed a motion for summary judgment and argued that the action

26   before Judge Campbell was barred by res judicata.  Judge Campbell agreed, and on

27   November 9, 2010, granted EPS's motion.  *TSYS II*, 2010 WL 4642112 (D. Ariz. Nov. 9,

28   2010).  TSYS then filed a motion for the entry of final judgment pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure, which EPS did not oppose and Judge Campbell granted on November 29, 2010. *TSYS II*, 2010 WL 4920908 (D. Ariz. Nov. 29, 2010). TSYS then appealed Judge Campbell's decision to the Ninth Circuit Court of Appeals. *TSYS II*, Doc. # 70. The *TSYS II* appeal is currently pending.

## II.    ANALYSIS OF PENDING MOTIONS

EPS's original motion to compel (Doc. # 63) was filed less than two weeks after TSYS filed the action before Judge Campbell. TSYS's motion to stay proceedings before the Court (Doc. # 84) was filed after initiation of the proceedings before Judge Campbell, but fully briefed before TSYS filed its notice of appeal in *TSYS II*. EPS's supplemental motion to compel (Doc. # 85) was filed after Judge Campbell entered final judgment, and fully briefed after TSYS filed its notice of appeal in *TSYS II*. The Court will consider these motions in light of the proceedings in this action, as well as the proceedings before Judge Campbell.

### A.    EPS's Motions to Compel

On May 27, 2010, EPS filed its original motion to compel TSYS's compliance with the Arbitrator's Award. As a result of the proceedings before this Court and before Judge Campbell, EPS supplemented its motion. TSYS has satisfied the monetary portion of the Arbitrator's Award (Doc. # 61), but TSYS has refused to "provide EPS with immediate and continuous ownership, control and access to the toll free 1-800 number that connects EPS' merchants to a processor" as ordered by the arbitrator (Doc. # 1-2, Ex. B at p. 39), and affirmed by the Court (Doc. # 60 at ¶ 5). EPS seeks an order from the Court compelling TSYS to comply with the Arbitrator's Award.

TSYS has repeatedly sought to avoid compliance with the portion of the Arbitrator's Award concerning the conveyance of the 1-800 number to EPS. In its responses to EPS's motions to compel, TSYS raises the same objections to the conveyance of the 1-800 numbers that have been rejected in prior orders by this Court and by Judge Campbell.

In the Order denying TSYS's Combined Motion to Amend or Vacate Judgment Under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Doc. # 40), the Court held

that while TSYS "may disagree with the award issued by the arbitrator, [] attaching a new interpretation to the award hardly constitutes new evidence within the meaning of a Rule 59(e) motion." (Doc. # 59 at p. 9.) The Court considered TSYS's argument that "by turning control of these three numbers[1] over to [EPS], [TSYS] would incur substantial costs, be subjected to potential breach of contract claims, and the risk of potential security threats would arise." (*Id.*) The Court stated that: "Again, it is not clear why these arguments and evidence in support were not raised both before the arbitrator and in [TSYS]'s initial complaint to this Court. In essence, [TSYS] asks the Court to reconsider and re-weigh . . . the consequences of the arbitrator's award concerning the 1-800 number issue." (*Id.*) The Court further held:

> Even if [TSYS] is subjected to substantial costs, breach of contract claims, and potential security threats as it asserts, such results are the natural consequences of the arbitrator's award. In the arbitration context, the Court cannot grant the type of relief [TSYS] is ultimately seeking merely because the award will work a hardship for [TSYS.]

(*Id.* at pp. 9–10.) Upon examining the record, the Court found "[b]oth the testimony before the arbitrator and the award itself make clear that the 1-800 issue was fully litigated at the time of arbitration. [TSYS] has failed to demonstrate that its injuries are beyond its control such that it was precluded from raising these issues prior to the present motion." (*Id.* at p. 10.) In its responses to EPS's motions to compel, TSYS raises these same issues. The Court has already ruled on these issues, and TSYS has not presented the Court with any reason to rule differently in this Order.

In the order granting EPS's motion for partial summary judgment in the declaratory judgment action, Judge Campbell quoted extensively from this Court's prior ruling, and held that TSYS was "arguing that the relief sought by EPS and ordered by the arbitrator and Judge Teilborg is impractical, impossible, or inequitable"; thus, "TSYS seeks to assert an

---

[1] The Court understands that there are not *three* 1-800 numbers at issue as previously thought by the parties, but rather EPS's merchants are connected to TSYS through *seven* 1-800 numbers that are shared with hundreds of thousands of non-EPS merchants. *See TSYS II*, 2010 WL 4642112, at *2 (D. Ariz. Nov. 9, 2010).

1   impossibility defense in this declaratory judgment action — in the guise of 'interpreting' the

2   orders of the arbitrator and Judge Teilborg — that plainly could have been asserted in the

3   arbitration and *TSYS I*." *TSYS II*, 2010 WL 4642112, at *3–4.  Judge Campbell held that

4   TSYS was barred by res judicata from raising defenses to the same claim — EPS's right to

5   an exclusive 1-800 number that connects its merchants to a processor — that could have been

6   asserted in the prior proceedings.  *Id.* at *4.  Judge Campbell concluded that "a final

7   judgment was entered by the arbitrator and Judge Teilborg on EPS's claim for the 1-800

8   number.  Under Arizona law, res judicata bars TSYS from now raising a defense to the claim

9   that could have [been] raised in the arbitration proceeding and *TSYS I*." *Id.* at *6.  Judge

10   Campbell declined to permit TSYS to present evidence that was not presented to the

11   arbitrator or this Court in an effort to show that the judgments cannot or should not be

12   enforced.  *Id.*

13      TSYS argues that conveying the 1-800 numbers to EPS will not achieve EPS's desired

14   result, and as such, TSYS should not be ordered to comply.  TSYS renews its argument that

15   transferring the seven 1-800 numbers to EPS will not permit EPS to simply transfer the

16   processing of merchant transactions to other providers, because hundreds of thousands of

17   non-EPS merchant accounts cannot be transferred to a new provider unilaterally (by EPS).

18   Further, TSYS again argues that public safety is at stake, if the 1-800 numbers are transferred

19   to EPS along with the hundreds of thousands of non-EPS merchants still using those

20   numbers.  The Court does not deny "the important public interests involved in preserving the

21   safety and security of processing millions of credit and debit card transactions . . . for tens

22   of millions of consumers."  (Doc. # 91 at p. 2.)  However, compliance with the Arbitrator's

23   Award does not require the draconian result envisioned by TSYS.

24      TSYS is not required to transfer the seven 1-800 numbers "while those seven numbers

25   are still being used by hundreds of thousands of non-EPS merchants."  (Doc. # 91 at p. 6)

26   (emphasis omitted).  The Arbitrator's Award gives TSYS latitude (1) to transfer EPS

27   merchants to an exclusive 1-800 number that is not currently used by "hundreds of thousands

28   of *non*-EPS merchants," or (2) to transfer non-EPS merchants to other 1-800 numbers.  There

1    may be other methods of conveyance, too, that are beyond the Court's knowledge of this

2    process.

3         Regardless of TSYS's method of conveying the 1-800 number or numbers to EPS,

4    TSYS maintains that this "would be a complex and daunting task (to say the least)." (Doc.

5    # 91 at p. 5.)  This is a defense that TSYS should have raised during the arbitration, or before

6    judgment was entered in this action.  This Court and Judge Campbell have each held that the

7    burdens TSYS will suffer as a result of complying with the Arbitrator's Award are neither

8    defenses appropriately before the Court at this time, nor subject to "interpretation" by Judge

9    Campbell.

10        The Court acknowledges that "TSYS has consistently and repeatedly raised the

11   difficulties associated with compliance with EPS'[s] interpretation of the Amended Judgment

12   with EPS, this Court, and Judge Campbell."  (*Id.*)  However, TSYS failed to raise these

13   difficulties before the arbitrator or this Court in a timely fashion, and further action is barred

14   by res judicata.  Accordingly, these defenses have been waived, and TSYS must find a way

15   to comply with the Arbitrator's Award, even if compliance is complex and daunting.

16        The Arbitrator's Award calls for "immediate and continuous ownership, control and

17   access to the toll-free 1-800 number that connects EPS'[s] merchants to a processor."  TSYS

18   argues that "there is no 'EPS number,' which makes it impossible to simply and immediately

19   convey one to EPS."  (*Id.* at p. 1.)  However, TSYS refuses even to begin the conveyance

20   process, despite the Court's confirmation of the Arbitrator's Award.[2]  The Court finds no

21   reason for TSYS to continuing delaying its compliance with the Arbitrator's Award.  TSYS

22   asks the Court to "defer ruling on the Supplemental Motion and allow the issues to be

23   resolved in an orderly fashion."  (*Id.* at p. 2.)  The Court finds that the issues have been

24   resolved in an orderly fashion; specifically, they have been resolved in EPS's favor.

25

26        [2]  The Court notes that TSYS has notified non-EPS merchants that the seven 1-800
27   numbers at issue in this action are no longer available for downloading into merchant
     terminals.  (Doc. # 91 at p. 3 n.1.)  This step avoids new non-EPS merchants from using the
28   seven 1-800 numbers already used by hundreds of thousands of merchants.

1    TSYS spends much of its response to the original motion to compel arguing that 1-800
2    numbers are scarce public resources that cannot be owned by a carrier or subscriber.  TSYS
3    argues that one toll-free subscriber cannot simply be substituted for another toll-free
4    subscriber.  (Doc. # 71.)  The Court finds this argument disingenuous in light of TSYS's
5    prior offer to EPS.  On October 5, 2009, TSYS sent EPS a letter offering to provide EPS with
6    a 1-800 number, which EPS rejected.  (*Id.* at p. 3; Doc. # 75 at p. 5.)  The Court found the
7    offer did not satisfy the thrust of the Arbitrator's Award that EPS is entitled to control over
8    its merchants in the event EPS decides not to retain TSYS's services.  (Doc. # 59 at p. 8.)
9    The Court also stated that the goal of the arbitrator was not to award EPS a single telephone
10   number not currently used by EPS.  (*Id.* at pp. 8–9.)

11   EPS, in its original motion to compel, seeks a finding of contempt and/or sanctions
12   against TSYS pursuant to Rule 70 of the Federal Rules of Civil Procedure for failure to
13   comply with the Arbitrator's Award.  At this time, the Court will not issue a finding of
14   contempt against TSYS, provided that, upon receipt of this Order, TSYS immediately begins
15   to convey the 1-800 number or numbers to EPS.  The Court recognizes that this conveyance
16   process may be complex and daunting; nevertheless, TSYS is ordered to comply
17   immediately.

18   TSYS argued, during the hearing before the Court on January 25, 2011, that it would
19   take a minimum of two years to convey the 1-800 number or numbers to EPS.  According
20   to EPS, the time it will take to convey the 1-800 number or numbers is simply determined
21   by the amount of resources and manpower expended by TSYS to achieve the result.  TSYS
22   did not counter this argument.  Accordingly, the Court will give TSYS 90 days, from the date
23   of this Order, to fully comply with the Arbitrator's Award.

24   During the hearing, EPS requested that in the event TSYS fails to fully comply with
25   the Arbitrator's Award within 90 days of this Order, the Court should assess of a monetary
26   penalty against TSYS in the amount of $1,000,000 per day for each day that TSYS refuses
27   to comply with the Arbitrator's Award.  The Court will seriously entertain EPS's request.
28   Based on the foregoing, the Court grants EPS's supplemental motion to compel, and

1   orders TSYS to perform all steps necessary to accomplish the transfer of the 1-800 number

2   or numbers within 90 days of this Order.  To the extent the original motion to compel

3   requests additional relief, the Court will deny that motion in part.

4   **B.      TSYS's Motion to Stay**

5         TSYS has moved the Court for an order staying proceedings in this matter pending

6   the appeal of Judge Campbell's ruling in *TSYS II*.  TSYS argues that a stay is warranted for

7   the following reasons: (1) the 1-800 numbers at issue are currently being used by hundreds

8   of thousands of non-EPS merchants; (2) there is a likelihood that millions of consumers who

9   make credit or debit card purchases with non-EPS merchants will be directly and adversely

10  impacted; (3) there is a likelihood that data security will be compromised due to EPS's access

11  to confidential and proprietary information; and (4) the disruptions to TSYS's processing

12  system subject TSYS to possible substantial liability to its clients.  (Doc. # 84 at p. 2–3.)

13  These are the same reasons TSYS argued, unsuccessfully, for leave to supplement its

14  complaint, for declaratory judgment in *TSYS II*, and for denial of EPS's motions to compel.

15        The parties disagree as to which standard the Court should apply in evaluating

16  TSYS's motion to stay.  TSYS argues that its motion to stay is governed by the *Landis* cases.

17  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265,

18  268 (9th Cir. 1962); *see also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).  EPS argues,

19  and the Court agrees, the motion to stay is governed by Rule 62 of the Federal Rules of Civil

20  Procedure.

21  **1.      Application of Rule 62**

22        The Court granted summary judgment in favor of EPS (Doc. # 33), and affirmed the

23  arbitrator's decision in its entirety (Doc. # 60).  The Arbitrator's Award constitutes a final

24  judgment, and EPS has moved to compel TSYS's compliance with this judgment.

25  Accordingly, Rule 62 applies, because it governs the stay of proceedings to enforce a

26  judgment.

27        The Court finds that under the applicable rule, there is no basis for staying EPS's

28  enforcement of the Court's final judgment.  The automatic 14-day stay following entry of

1    judgment under Rule 62 expired several months ago.  FED.R.CIV.P. 62(a).  Rule 62 permits

2    the Court to stay the execution of a judgment pending disposition of post-judgment motions.

3    FED.R.CIV.P. 62(b).  However, the Court denied TSYS's post-judgment motions on May 4,

4    2010.  (Doc. # 59.)  TSYS has not filed an appeal in this action, and TSYS has not posted a

5    supersedeas bond.  FED.R.CIV.P. 62(c)–(d).  Subsections (e), (f), (g) and (h) of Rule 62 are

6    not applicable to this action.  Accordingly, staying the motion to compel enforcement of the

7    Arbitrator's Award is not warranted under Rule 62.

8                    **2.    Analysis of the *Landis* Cases**

9        TSYS's reliance on the *Landis* cases is misplaced.  In *Landis*, the Government sought

10   a stay of proceedings in two actions in which  the Government had not filed yet answers, so

11   that it could prosecute its test lawsuit concerning the constitutionality of the statute at issue

12   in each of the actions.  229 U.S. at 250–51.  The stay was granted by the district court,

13   because "the trial of a multitude of suits would have a tendency to clog the courts."  *Id.* at

14   251.  However, the Supreme Court found that granting a stay until determination of an appeal

15   by the Supreme Court was an abuse of discretion.  *Id.* at 256–57.  In *CMAX*, the defendant

16   moved for a continuance of the trial until the resolution of proceedings against the plaintiff

17   before the Civil Aeronautics Board.  300 F.2d at 266.  In *Clinton*, the district court ruled that

18   discovery could go forward, but that the trial would be stayed until the sitting President was

19   no longer in office.  520 U.S. at 687.  However, the Supreme Court found the decision to stay

20   the trial was premature.  *Id.* at 708.  In *Leyva v. Certified Grocers of California, Ltd.*, prior

21   to the initiation of discovery, the action in district court was stayed due to a binding

22   arbitration provision in a collective bargaining agreement.  593 F.2d 857, 859–60 (9th Cir.

23   1979).  Finally, in *Keating v. Office of Thrift Supervision*, the defendant claimed his due

24   process rights were violated by the administrative law judge's refusal to stay the

25   administrative proceedings until the conclusion of the state and federal criminal proceedings.

26   45 F.3d 322, 324 (9th Cir. 1995).  The Court of Appeals upheld the denial of the stay, and

27   affirmed the final order of the administrative law judge.  *Id.* at 328.

28        Contrary to the pre-trial status of the *Landis* cases, this action has already resulted in

1   final judgment.  The only remaining issue in this action is the enforcement of the partially

2   satisfied Arbitrator's Award.  Accordingly, TSYS's reliance on the *Landis* cases is off-base.

3          Even applying the standard set forth in the *Landis* cases, stay of proceedings is not

4   warranted.  In considering whether to grant a stay, the *Landis* cases set forth the following

5   standard:

> A district court has inherent power to control the disposition of the causes on
> its docket in a manner which will promote economy of time and effort for
> itself, for counsel, and for litigants.  The exertion of this power calls for the
> exercise of a sound discretion.  Where it is proposed that a pending proceeding
> be stayed, the competing interests which will be affected by the granting or
> refusal to grant a stay must be weighed.  Among these competing interests are
> the possible damage which may result from the granting of a stay, the hardship
> or inequity which a party may suffer in being required to go forward, and the
> orderly course of justice measured in terms of the simplifying or complicating
> of issues, proof, and questions of law which could be expected to result from
> a stay.

12  *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55).

13         As discussed above, the Arbitrator's Award does not necessarily result in the parade

14  of horribles argued by TSYS.[3]  Further, as this Court and Judge Campbell have previously

15  held, TSYS raises logistical defenses to the Arbitrator's Award that should have been raised

16  before the arbitrator.  The Court finds no reason to stay enforcement of the final judgment

17  based on arguments that have repeatedly been rejected in *TSYS I* and *TSYS II*.  Certainly,

18  TSYS will face a hardship by complying with the Arbitrator's Award.  However, the

19  enforcement of final judgment against an unsuccessful party is inherently a hardship to that

20  party.  The Court does not find this is the kind of hardship that warrants a stay under the

21  standard set forth in the *Landis* cases.

22         TSYS argues that EPS will not be harmed if the Court "simply maintains the status

23  quo by granting the stay."  (Doc. # 84 at p. 6.)  The Court disagrees.  The "status quo" TSYS

24  refers to is its partial compliance with the Arbitrator's Award.  EPS has been deprived of the

25  benefit of its bargain under the 2005 agreement with TSYS.  EPS is harmed by TSYS's

---

27  [3] EPS persuasively argues that "TSYS should not be allowed to further postpone
    doing what the Court ordered because of a problem TSYS caused, refuses to solve, and
28  continues to exacerbate."  (Doc. # 88 at p. 9.)

1    refusal to comply with the Arbitrator's Award, which was originally awarded two years ago

2    (Doc. # 1-2, Ex. B), and was affirmed by the Court more than six months ago (Doc. # 60).

3         Granting TSYS's stay would not be an efficient use of judicial resources.  The Court

4    granted summary judgment in EPS's favor, affirmed the Arbitrator's Award, and denied

5    TSYS's post-judgment motions.  Staying proceedings at this juncture is not convenient for

6    the Court in the management of its docket.  Further, if TSYS's appeal in *TSYS II* is

7    unsuccessful, then it is likely that TSYS will continue its refusal to comply with the

8    Arbitrator's Award by filing another action and/or seeking another stay, even though TSYS's

9    defenses to the enforcement of the 1-800 number portion of the Arbitrator's Award have

10   been rejected on several occasions.  Staying this proceeding while TSYS pursues its appeal

11   of Judge Campbell's decision in *TSYS II* is unnecessary, and against the interests of EPS, the

12   successful party in this action.

13        Additionally, for the reasons discussed above, the Court will not consider TSYS's

14   unauthorized Supplement to Its Motion to Stay Proceedings to Enforce Judgment (Doc. #

15   98).

16   **III.   CONCLUSION**

17        Based on the foregoing, the Court grants EPS's motions to compel, and denies

18   TSYS's motion to stay proceedings.

19        Accordingly,

20        **IT IS ORDERED** that Defendant Electronic Payment Systems, LLC's Supplemental

21   Motion to Compel (Doc. # 85) is **GRANTED**.

22        **IT IS FURTHER ORDERED** that TSYS shall fully comply with the unsatisfied

23   portion of the Arbitrator's Award within 90 days of this Order.  If TSYS has not transferred

24   its interest in the 1-800 number or numbers to EPS on the 91st day after issuance of this

25   Order, then EPS may request, and the Court will grant, a hearing to show cause as to why

26   TSYS should not be found in contempt and sanctions imposed for failure to comply with this

27   Order and the Arbitrator's Award.

28        **IT IS FURTHER ORDERED** that Defendant Electronic Payment Systems, LLC's

1 Motion to Compel Plaintiff's Compliance with Court's Judgment and/or for Finding of
2 Contempt and Imposition of Sanctions (Doc. # 63) is **GRANTED IN PART** to the extent
3 compliance is ordered, and **DENIED IN PART** with respect to the request for a finding of
4 contempt and imposition of sanctions.

5       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings to Enforce
6 Judgment (Doc. # 84) is **DENIED**.

7       **IT IS FINALLY ORDERED** that Plaintiff's Supplement to Its Motion to Stay
8 Proceedings to Enforce Judgment (Doc. # 98) is **DENIED** and ordered stricken from the
9 record.

10       DATED this 28th day of January, 2011.

11

12

13 _____
             James A. Teilborg
             United States District Judge

- 13 -