**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TSYS Acquiring Solutions, LLC, ) | No. CV-09-00155-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Electronic Payment Systems, LLC, ) | |
| Defendant. ) | |

Pending before the Court is Defendant Electronic Payment Systems, LLC's Motion for Reconsideration. (Doc. # 104.) Pursuant to the Court's order, TSYS responded to the Motion. (Doc. # 107.) Upon review of its January 28, 2011 Order, the Court is now aware of an inconsistency in its language on page six of that Order that eroded the purpose and effect of the Order, and was contrary to the to the intent of the Arbitrator's Award. In granting the Motion for Reconsideration, the Court is removing a statement that may have had an unintended effect on the compliance ordered by the Court.

The Court has reviewed and carefully considered the arguments presented by TSYS, particularly with respect to the issues concerning TSYS's petition to the Federal Communications Commission. However, the Court is not persuaded by TSYS's arguments. TSYS continues to ignore the role of this Court, which is to enforce the Arbitrator's Award. TSYS continues to raise issues and arguments that should have been presented during the

1 arbitration, but were not, and now are not properly before the Court.  The Order granting
2 EPS's motion to compel (Doc. # 102) provided that if TSYS has not transferred its interest
3 in the 1-800 number or numbers within 90 days, then the Court will conduct a contempt
4 hearing.  Therefore, TSYS's request for an evidentiary hearing is denied.  The contempt
5 hearing, if necessary, will provide TSYS with the opportunity to purge itself of a contempt
6 finding, and TSYS can present evidence at that time.

7 Accordingly, the Court will grant the Motion to Reconsider, and revise its prior Order
8 as follows:

9 **IT IS ORDERED** that Defendant Electronic Payment Systems, LLC's Motion for
10 Reconsideration (Doc. # 104) is **GRANTED**.

11 **IT IS FURTHER ORDERED** that the effective date of the Order, dated January 28,
12 2011 (Doc. # 102), deemed to be February 15, 2011.

13 **IT IS FURTHER ORDERED** that the final paragraph on page six of the Order,
14 dated January 28, 2011 (Doc. # 102), is deleted in its entirety and replaced with the following
15 paragraph:

> TSYS is not required to transfer the seven 1-800 numbers to EPS "while those seven numbers are still being used by hundreds of thousands of non-EPS merchants." (Doc. # 91 at p. 6) (emphasis omitted). The Arbitrator's Award gives TSYS latitude to transfer non-EPS merchants to other 1-800 numbers, but this provision does not diminish the obligation of TSYS to move with rapidity to fulfill the orders of the Court.

20 **IT IS FURTHER ORDERED** that TSYS's request for an evidentiary hearing is
21 **DENIED**.

22 DATED this 15th day of February, 2011.

James A. Teilborg
United States District Judge

- 2 -